IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00258-MR

| | |
|---|---|
| JOHNATHAN A. FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| R. HUNEYCUTT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution (AMCI).[1] The Plaintiff names as Defendants: R. Huneycutt, the AMCI superintendent; FNU Fox, the AMCI lieutenant over the restrictive housing unit; FNU Hughes, the AMCI sergeant over the restrictive housing unit; Erik Hooks, the North Carolina Department of Public Safety (NCDPS) secretary; and Todd Ishee, the NCDPS commissioner of prisons.

---

[1] The Plaintiff is presently incarcerated at the Mountain View Correctional Institution.

The Plaintiff alleges "[v]iolation of religious practice, freedom of the press, illegal seizure, access to the courts, cruel and unusual punishment, and due process of law." [Doc. 1 at 3]. As injury, he alleges that he, his family, and "thousands of prisoners" have endured property loss and emotional and mental anguish. [Id. at 5]. He seeks compensatory and punitive damages, legal fees,[2] declaratory judgment, injunctive relief,[3] and any other relief the Court deems just and appropriate. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

---

[2] This does not appear to apply, as the Plaintiff is unrepresented.

[3] It does not appear that injunctive relief the Plaintiff seeks is available in this action. It is moot insofar as the Plaintiff no longer resides at AMCI and the conditions at issue are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991). Further, the Plaintiff's requests – the Defendants' demotion or resignation, investigation by the department of justice, and federal takeover or supervision of the prison – are beyond the purview of this § 1983 action. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid…."); Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) ("sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts.").

2

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Parties

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a)

3

("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

The Plaintiff purports to sue the Defendants, who are all state officials, in their individual and official capacities. [Doc. 1 at 2-3, 12]. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against the Defendants in their official capacities do not survive initial review and will be dismissed.

The Plaintiff appears to seek relief on behalf of himself, his family, and other inmates. As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of his family and other inmates, they are dismissed.

**B.    Duplicative Claims**

The instant action addresses the same time period, overlapping claims, and some of the same Defendants as the Complaint in another pending § 1983 case in this Court, Fuller v. Sheppard, No. 1:21-cv-257-MR. In Case No. 1:21-cv-257, the Plaintiff has asserted claims that he was denied access to the courts; that his Fourth and Fourteenth Amendment rights were violated with regards to seizure of his personal property; that he was denied

equal protection; and that he received deliberately indifferent medical care. The Plaintiff's present claims that he was denied access to the courts and that his property was improperly seized in violation of the Fourth and Fourteenth Amendments are dismissed for the reasons that they failed to pass initial review in Case No. 1:21-cv-257. The Plaintiff's claim of deliberate indifference to a serious medical need does not survive initial review because the Plaintiff has failed to allege facts demonstrating that his medical need was sufficiently serious, and that a Defendant Hughes deliberately ignored an excessive risk to Plaintiff's health or safety. [Doc. 1 at 4, 13]; see generally Farmer v. Brennan, 511 U.S. 825, 837 (1994); Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001). The Plaintiff's equal protection claim of "systemic hate and racism" does not survive initial review because the Plaintiff has failed to allege that similarly situated inmates were treated differently than Plaintiff, and that such was the result of intentional or purposeful discrimination by any Defendant. [Doc. 1 at 14]; see generally Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003).

The foregoing claims are so overlapping and duplicative of the claims in Case No. 1:21-cv-257 that the Court cannot allow them to proceed simultaneously in separate actions. Because the Plaintiff filed the

6

proceedings in Case No. 1:21-cv-257 first, these claims will be dismissed in the present case.

### C. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). Further, a plaintiff must allege and prove facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. See Farmer, 511 U.S. at 847.

The Plaintiff appears to allege that he was exposed to inhumane conditions because he was only allowed to have only his shower shoes, radio, and medication during the 22 days he spent in restrictive housing. [Doc. 1 at 4, 13]. Taking these allegations as true and drawing all reasonable inferences in Plaintiff's favor, he has not stated an Eighth Amendment claim.

7

The temporary restrictions on his personal property in restrictive housing are not sufficiently severe to fall within the protections of the Eighth Amendment. See 51 A.L.R.3d 111 (Originally published in 1973) (noting that "the courts have characteristically failed to regard such property deprivations as in themselves cruel and unusual"). As such, Plaintiff's Eighth Amendment claim, to the extent it is based on his conditions of confinement, does not survive initial review.

### D. Religious Exercise

To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief and that the official action or regulation substantially burdened his exercise of that belief. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Plaintiff alleges that his right to practice his religion was violated when he was deprived of his "religious material" during the 22 days he spent on restrictive housing. [Doc. 1 at 13]. These allegations are too vague and conclusory to state a freely exercise claim. He does not allege that he had

8

a sincere religious belief, or that the temporary confiscation of his religious items substantially burdened his ability to practice his religion. Accordingly, this claim is dismissed without prejudice.

### E. Freedom of the Press

The constitutional guarantee of a free press "assures the maintenance of our political system and an open society and secures the paramount public interest in a free flow of information to the people concerning public officials…." Pell v. Procunier, 417 U.S. 817, 832 (1974) (internal quotations and citations omitted). Prison policies affecting prisoners' access to the press are valid if they are "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (quoting Turner, 482 U.S. at 89). Here, the Plaintiff alleges that the Defendants have violated his "Freedom of the Press…." [Doc. 1 at 3]. The Plaintiff's conclusory assertion of a free press violation is not supported by any factual allegations. Accordingly, this claim is dismissed.

### F. Supervisory Liability

The Plaintiff appears to assert a that Defendants Fox, Hooks, Hughes, Huneycutt, and Ishee are liable under a supervisory theory. [Doc. 1 at 13-14]. To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See

9

Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Under Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994), however, supervisory liability may attach under § 1983 if a plaintiff can establish three elements: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) and "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. 13 F.3d at 799 (citations omitted). Here, the Plaintiff's claims of supervisory liability are insufficient because the Plaintiff has failed to state a claim that any constitutional violation has occurred. See City of L.A. v. Heller, 475 U.S. 796, 799 (1986) ("[The City was] sued only because they were thought legally responsible for [the police officer's] actions; if the latter inflicted no constitutional injury on respondent, it is inconceivable that petitioners could be liable to respondent."). Accordingly, the Plaintiff's claims of supervisory liability are dismissed without prejudice.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant, and the Complaint is dismissed without prejudice. The claims regarding access to the courts, seizure of property, deliberate indifference to a serious medical need, and equal protection are also duplicative of Case No. 1:21-cv-257 and are therefore dismissed on that basis as well. As to the Plaintiff's other claims, the Court will allow Plaintiff thirty (30) days to amend his Compliant the instant case, if he so chooses, to properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend his Complaint in the instant case, this action will be dismissed without prejudice and without further notice to the Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.
2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in the instant case in accordance with the terms of this Order. If the Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by

the Court, this action will be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form.

**IT IS SO ORDERED.** Signed: May 11, 2022

Martin Reidinger
Chief United States District Judge