IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00258-MR

JOHNATHAN A. FULLER,         )
                             )
            Plaintiff,       )
                             )
vs.                          )
                             )
RONNIE HUNEYCUTT, et al.,    )            **ORDER**
                             )
            Defendants.      )
_____)

**THIS MATTER** is before the Court on initial review of the Amended Complaint. [Doc. 11]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.    BACKGROUND**

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution (AMCI).[1] The Complaint was dismissed on initial review, and the Plaintiff was provided the opportunity to amend. [Docs. 1, 10]. The Amended Complaint is now before the Court for initial review. [Doc. 11].

---

[1] The Plaintiff is presently incarcerated at the Mountain View CI.

The Plaintiff names the same Defendants who were named in the original Complaint, in their individual and official capacities.[2] [Doc. 11 at 2-3, 12]. He claims that the Defendants violated the First, Fifth, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. [Id. at 3, 14]. As injury, he claims "severe mental and emotional distress and anguish." [Id. at 5]. He seeks: a declaratory judgment; injunctive relief; nominal, compensatory, and punitive damages; costs and attorney's fees;[3] and any other relief that the Court deems just and appropriate. [Id. at 19].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks

---

[2] The Plaintiff is suing the Defendants in their official capacities for declaratory and injunctive relief, and in their individual capacities for damages. [Doc. 11 at 16].

[3] It is unclear why the Plaintiff is seeking attorney's fees, as he is not represented by counsel.

2

monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in a complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

**A. Parties**

The body of the Amended Complaint refers to individuals who are not named as Defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure, and they are dismissed without prejudice for the

3

reasons discussed in the Order on initial review of the Complaint. [See Doc. 12 at 3-4; see, e.g., Doc. 11 at 13 (discussing Officers Carpenter and Bucannan)].

The Plaintiff also uses vague terms such as "staff" rather than identifying the individual(s) involved in each allegation. [See Doc. 11 at 14, 17]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, to the extent that these allegations refer to non-parties, they are nullities for the reasons discussed *supra*.

### B. Duplicative Claims

It appears that the Plaintiff is attempting to reassert claims for the denial of access to the courts [Doc. 11 at 14-15, 17-18]; the seizure of his personal property [id. at 13-14]; equal protection violations [id. at 14-16 (referring to "race and ethnicity" and "discrimination on the basis of race")];

4

and deliberate indifference to a serious medical need [id. at 13 (referring to medical shoes)]. In the Order on initial review of the Complaint, these claims were dismissed as duplicative of the allegations in Case No. 1:21-cv-00257-MR. [Doc. 10 at 5-7]. They are dismissed here for the same reasons.

### C. Conditions of Confinement

The Plaintiff claims that, during the 22 days he spent in restrictive housing, he was deprived of all of his personal property except for shower shoes and a radio [Doc. 11 at 13-14]; that on December 16, 2020, Defendant Fox refused to retrieve Plaintiff's hygiene items even though the Plaintiff told him that the state-issued soap "would break [his] skin out with blisters" and that the state-issued deodorant "turn[ed] his underarm raw as fresh cut meat" [id. at 15]; that a written request to Defendant Huneycutt the same day received no response [id.]; and that the confiscated items "make prison life a little more bearable" [id. at 14].

These temporary conditions are insufficiently extreme to state an Eighth Amendment claim for the reasons discussed in the Order on initial review of the Complaint. [Doc. 10 at 6-7]. Accordingly, this claim is dismissed.

### D. Religious Exercise

The Plaintiff claims that he has a sincerely held Rastafarian belief [Doc. 11 at 14]; that he was deprived of his Rastafarian bible and "other prayer and study literature" when he entered restrictive housing on December 1, 2020 [id. at 13-14]; that the Plaintiff asked "a sergeant"[4] about his religious material several days later [id. at 14]; that on December 16, 2020, the Plaintiff told Defendant Fox that "he needed things [including] religious books" from storage [id.]; that a written request directed to Defendant Huneycutt the same day received no response [id]; and that this deprived him of "a constitutionally protected liberty interest in religious study and practice" [id. at 15, 17].

The Court previously addressed the standard to state a First Amendment free exercise claim. [See Doc. 10 at 8]. The Plaintiff now also asserts a claim under RLUIPA, which provides "greater protection for religious exercise than is available under the First Amendment." Ramirez v. Collier, 152 S.Ct. 1264, 1277 (2022) (quoting Holt v. Hobbs, 574 U.S. 352, 357 (2015)). The RLUIPA provides that no government may "impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling

---

[4] This claim appears to refer to Defendant Hughes, a restrictive housing sergeant.

governmental interest ... [and] is the least restrictive means of furthering that compelling governmental interest." Faver v. Clarke, 24 F.4th 954, 959-60 (4th Cir. 2022) (quoting 42 U.S.C. § 2000cc-1(a)).  Under both the First Amendment and RLUIPA, "a substantial burden is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs or one that forces a person to choose between following the precepts of [his] religion and forfeiting governmental benefits, on the one hand, and abandoning the precepts of [his] religion on the other hand."  Greenhill v. Clarke, 994 F.3d 243, 250 (4th Cir. 2019) (citing Lovelace, 472 F.3d at 187). Once an inmate makes the initial requisite showing, the burden shifts to the government to show that the prison policy is the least restrictive means of further a compelling governmental interest under RLUIPA id., or that it is "reasonably related to a legitimate penological interest under the First Amendment, O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987).

Assuming *arguendo* that the Plaintiff's religious beliefs are sincere, he has failed to plausibly allege a First Amendment or RLUIPA violation because he fails to explain how the lack of his bible and "other prayer and study literature" for the 22 days he spent in restrictive housing placed a substantial burden on his sincere religious beliefs.  See, e.g., Watkins v. Goodwin, 2022 WL 256324 (W.D.N.C. Jan. 26 2022) (allegations that the

7

loss of property including religious books, head coverings, and a pendant violated the plaintiff's right to religious practice and freedom of expression were too vague and conclusory to state a First Amendment violation); Farnsworth v. Davis, 2020 WL 4017848, at *3 (W.D. Va. July 16, 2020) (plaintiff who was "barred" from church services for a month failed to demonstrate a substantial burden under RLUIPA or the First Amendment where he did not, for instance, allege that attendance at services at some regular interval was a precept of his religion such that being barred from them caused him to violate his beliefs or abandon a precept of his religion). Accordingly, the Plaintiff had failed to state a First Amendment or RULIPA claim, and they are dismissed without prejudice.

### E. Freedom of the Press

The Plaintiff again claims that his right to freedom of the press was violated when "a sergeant"[5] failed to return his property to him "several days" after he entered restrictive housing.[6] [Doc. 11 at 14-15]. The deprivation of property for a matter of days while the Plaintiff was in restrictive housing is too vague and conclusory to plausibly state a First Amendment claim. [See

---

[5] See footnote 4, *supra*.

[6] The Plaintiff also alleges that "staff took incoming publication(s) from the U.S. mail and placed them in Plaintiff['s] stored property" [id. at 17]; however, he fails to attribute this claim to any Defendant. See Section A, *supra*.

Doc. 10 at 9 (Order on initial review of the Complaint)]; see generally Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); see also Daniels v. Williams, 474 U.S. 327 (1986) (mere negligence does not support recovery under § 1983). Accordingly, this claim is dismissed.

### F. Policy Violations

The Plaintiff appears to allege that Defendants' actions violated prison policy. [See Doc. 11 at 13, 16]. However, a policy violation does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation"). The Plaintiff has not stated any constitutional violation for the reasons discussed *supra*. Therefore, the Plaintiff's claims for the violation of prison policy, standing alone, are also dismissed.

### G. Supervisory Liability

The Plaintiff again appears to assert that certain Defendants are liable under a theory of supervisory liability. [See, e.g., Doc. 11 at 15 (alleging that Defendant Fox was acting pursuant to Defendant Huneycutt's orders); at 16 (Defendants Hooks and Ishee had "ultimate responsibility for … management of NCDPS")]. The Plaintiff's allegations of supervisory liability fail to state a claim upon which relief can be granted for the same reasons discussed in the Order on initial review of the Complaint. [Doc. 10 at 9-10]. These claims are, therefore, dismissed.

### IV. CONCLUSION

In sum, the Court concludes that the Amended Complaint has failed to state a claim upon which relief can be granted, and this case will be closed.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 11] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

The Clerk is respectfully directed to close this case.

Signed: September 7, 2022

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

10

Case 1:21-cv-00258-MR   Document 12   Filed 09/07/22   Page 10 of 10